*1130 OPINION.
Maeqtiette:
The petitioner contends that the 310 shares of the Oliver Rim Co. stock received by him from Elmer Oliver during the taxable years involved, were given by Oliver solely in exchange for the petitioner’s surrender of the contract of December 21, 1918. Receipt of this stock is alleged to be a tax-free exchange under section 202 of the Revenue Acts of 1918 and 1921.
From a record unsatisfactory in many details, we have drawn conclusions of fact which we believe embody substantially the actual circumstances surrounding the petitioner’s acquisition of the stock from Oliver.
We believe the fallacy of the petitioner’s contention that the stock mentioned was received in an exchange is so obvious as to make extended discussion unwarranted. So far as petitioner’s surrender of the contract of December 21, 1918, in return for Oliver’s agreement of May 19, 1919, was an exchange, it was an exchange of contracts only and the petitioner received no stock thereby.
Epitomized, the stock received by the petitioner from Oliver, so far as it relates to the contract of May 19, 1919, was not received in exchange for a contract but was earned under a contract received in an exchange. The stock so received, as well as such stock as was received under the contract of April T, 1920, was income to the extent of its fair market value, which the respondent has determined to be $22.22 per share.
In passing it may be observed that even if the petitioner had established the receipt of the stock in exchange for the contract, we would be unable on the record to afford him any relief since there was no evidence that the contract of December 21, 1918, had any value or that the stock had no readily realizable market value when received.
*1131 It is obvious that the petitioner’s travels while engaged as a salesman required the expenditure of considerable sums. We think it equally evident that his statements of the amounts of such expenditures are purely estimates. He testified that his 1919 expense records, which were the most complete records he kept, consisted of a weekly or monthly “ survey ” calculated on the basis of mileage covered and days involved. These records were lost in December, 1919, when he married and moved.
Considering the loss of the records in December, 1919, we are not persuaded that in preparing his 1919 income-tax return, executed March 6, 1920, the petitioner had available his expense memoranda for 1919 from which to compute the deduction claimed.
Evidence as to the traveling and associated expenses for 1920 and 1921, depreciation deductions, and loss upon sale of an automobile, consisted of bare lump-sum statements of the amounts claimed.
The Board has heretofore said in an appeal involving a claim for similar deductions:
The Board is cognizant of the fact that every detail of a traveling expense account is difficult to keep and prove, and for that reason the Board is prone to give considerable latitude in the matter of evidence tending to prove such accounts. However, there must be something more than a bare estimate to support such a deduction. Appeal of Barnett Weiss, 3 B. T. A. 228, 230. See also Appeal of Sam Israel, 3 B. T. A. 663.
In Appeal of Cleveland Home Brewing Co., 1 B. T. A. 87, the Board held that depreciation is a question of fact and must be established by proof. This is equally true when the purpose is to establish an alleged loss upon the sale of an automobile. The record is barren of evidence tending to show that a loss was sustained, and it must, therefore, be disallowed.
The petitioner’s claim for the deduction of $200 as an alleged loss on worthless stock during 1919 must fail, as have his other contentions, for lack of evidence.
Certain evidence that the Alta Vista Co. became nonoperative during 1919 (through nonpayment of taxes), can not of itself be taken to establish that the stock became worthless in that year or that it has ever become worthless. See Appeal of George W. Todd, 3 B. T. A. 327. This is so even though the stock has never paid dividends.
The only evidence relative to the stock of the Cotton Picker Co. of America is that the petitioner held one share purchased at par value of $100 per share, and that this stock has never paid dividends. Such evidence is insufficient to show that a loss was sustained.

Judgment will be entered for the respondent.

Considered by Phillips, MillikeN, and Van Fossan.